IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DOUGLAS M. SAYLOR,                          3:10-CV-1313-JE

      Plaintiff,                          ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

      Defendant.


AMY J. CROSS
549 N.W. Second Avenue
Canby, OR 97013
(503) 266-6700

LINDA S. ZISKIN
Ziskin Law Office
P.O. Box 2237
Lake Oswego, OR 97035
(503) 889-0472

      Attorneys for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - ORDER

**DAVID MORADO**
Regional Chief Counsel
**MATTHEW W. PILE**
**SIMONE P. CAIN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3760

      Attorneys for Defendant


**BROWN, Judge.**

      Magistrate Judge John Jelderks issued Findings and Recommendation (#32) on April 26, 2012, in which he recommends this Court affirm the Commissioner's decision that Plaintiff is not disabled and, therefore, is not entitled to Social Security benefits.  Plaintiff filed timely Objections (#19) to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

      When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

      Plaintiff objects to the Magistrate Judge's Findings and Recommendation on the following grounds:  (1) the ALJ erred at

2 - ORDER

Step Two of the sequential analysis by failing to make any findings with respect to Plaintiff's headaches and anxiety disorder, which led to errors at Step Three and errors in the ALJ's evaluation of Plaintiff's Residual Functional Capacity (RFC), and (2) the ALJ also erred in his evaluation of Plaintiff's RFC by failing to account properly for Plaintiff's moderate limitations in concentration, persistence, and pace, which resulted in an incomplete hypothetical to the Vocational Expert (VE).

**I.    Plaintiff's Headaches and Anxiety Disorder.**

At Step Two the ALJ did not conclude Plaintiff's headaches and anxiety disorder are severe impairments.  Although Plaintiff does not assert the ALJ erred when he did not find those impairments are severe, Plaintiff contends the ALJ, nevertheless, erred by failing to address Plaintiff's anxiety disorder and complaints of headaches.  With respect to Plaintiff's anxiety disorder specifically, Plaintiff contends the ALJ failed to comply with the requirements for assessing the severity of mental impairments under 20 C.F.R. §§ 404.1520a and 416.920 as explained in *Keyser v. Commissioner Social Security Administration*, 648 F.3d 721, 725-26 (9th Cir. 2011)(requires "the written decision *must* incorporate the pertinent findings and conclusions . . . and *must* include a specific finding as to the degree of limitation in each of the functional areas [in] § 404.1520a(e)(4) . . . [in] a

narrative rationale.")(citation omitted; emphasis in original).

Sections 404.1520a(c) and 416.920a(c) provide the functional

areas the ALJ must address:

> (1) Assessment of functional limitations is a
> complex and highly individualized process
> that requires us to consider multiple issues
> and all relevant evidence to obtain a
> longitudinal picture of your overall degree
> of functional limitation.  We will consider
> all relevant and available clinical signs and
> laboratory findings, the effects of your
> symptoms, and how your functioning may be
> affected by factors including, but not
> limited to, chronic mental disorders,
> structured settings, medication, and other
> treatment.
>
> (2) We will rate the degree of your
> functional limitation based on the extent to
> which your impairment(s) interferes with your
> ability to function independently,
> appropriately, effectively, and on a
> sustained basis. Thus, we will consider such
> factors as the quality and level of your
> overall functional performance, any episodic
> limitations, the amount of supervision or
> assistance you require, and the settings in
> which you are able to function.  *See* 12.00C
> through 12.00H of the Listing of Impairments
> in appendix 1 to subpart P of part 404 of
> this chapter for more information about the
> factors we consider when we rate the degree
> of your functional limitation.
>
> (3) We have identified four broad functional
> areas in which we will rate the degree of
> your functional limitation:  Activities of
> daily living; social functioning;
> concentration, persistence, or pace; and
> episodes of decompensation.  *See* 12.00C of
> the Listing of Impairments.
>
> (4) When we rate the degree of limitation in
> the first three functional areas (activities
> of daily living; social functioning; and

concentration, persistence, or pace), we will
use the following five-point scale: None,
mild, moderate, marked, and extreme.  When we
rate the degree of limitation in the fourth
functional area (episodes of decompensation),
we will use the following four-point scale:
None, one or two, three, four or more. The
last point on each scale represents a degree
of limitation that is incompatible with the
ability to do any gainful activity.

* * *

[e](4) At the administrative law judge
hearing and Appeals Council levels, the
written decision must incorporate the
pertinent findings and conclusions based on
the technique.  The decision must show the
significant history, including examination
and laboratory findings, and the functional
limitations that were considered in reaching
a conclusion about the severity of the mental
impairment(s).  The decision must include a
specific finding as to the degree of
limitation in each of the functional areas
described in paragraph (c) of this section.

With respect to Plaintiff's headaches and his anxiety

disorder, the record reflects the ALJ:  (1) summarized and

assessed the consultative psychological examination by M. John

Givi, Psy.D. (Tr. 14, 342-47); (2) summarized and assessed the

complete neuropsychological evaluation by Steven C. Dickinson,

Psy. D. (Tr. 14-15, 357-65); (3) noted Plaintiff's complaints of

headaches, summarized Dr. Dickinson's assessment that Plaintiff

suffered periodic headaches, discussed the lack of medical

records reflecting ongoing complaints of[1] or treatment for

---

[1] The Court notes Plaintiff testified at the hearing on
March 26, 2009, that he does not suffer from headaches.  Tr. 35.

5 - ORDER

headaches, and, nevertheless, adopted Dr. Dickinson's assessment
that Plaintiff suffers from mild post-concussive disorder that
has "a strong likelihood of diminishing" (Tr. 11, 14-15, 365);
(4) noted the lack of treatment history or diagnoses for
Plaintiff's alleged mental impairments in the record (Tr. 14,
343, 346, 359); (5) noted Dr. Givi's assessment that Plaintiff's
anxiety disorder is mild (Tr. 14, 346); and (6) pointed out
Dr. Dickinson's conclusions that Plaintiff demonstrated good
concentration, persistence, and pace, showed a lack of symptoms
of organic mental impairment, and exhibited signs of "fake bad
responses" and malingering (Tr. 14-15, 360-65).  In addition to
these findings, the ALJ performed the required narrative
assessment of the criteria in §§ 404.1520a(c) and 416.920a(c) and
noted the record reflects Plaintiff has mild limitations in his
activities of daily living; has mild difficulties with social
functioning; has moderate difficulties in concentration,
persistence, and pace; and has not had any episodes of
decompensation.  Tr. 12.

The Court concludes on this record that the ALJ expressly
considered Plaintiff's headache symptoms and his anxiety
disorder, discussed in narrative form both the relevant medical
evidence that reflects those symptoms as mild and the lack of
complaints and treatment records relating to those conditions in
the record as a whole, and performed the proper procedural

analysis of Plaintiff's mental impairments as required by
§§ 404.1520a(c) and 416.920a(c) and *Keyser*.  Based on the Court's
*de novo* review of the record, the Court concludes those aspects
of the ALJ's decision were legally sufficient and supported by
substantial evidence in the record.

Accordingly, the Court concludes Plaintiff's Objection is
not a basis to modify or to reject the Magistrate Judge's
Findings and Recommendation.

## II.  Plaintiff's RFC.

Plaintiff also contends the ALJ's evaluation of Plaintiff's
RFC and the ALJ's resulting hypothetical to the VE at the hearing
did not properly include that Plaintiff suffers from moderate
limitations in concentration, persistence, and pace.
Specifically, Plaintiff contends the ALJ's statement of
Plaintiff's limitations in his evaluation of Plaintiff's RFC and
in his hypothetical to the VE that Plaintiff "cannot perform
detailed or complex duties and should work in a stable
environment with a set routine" is insufficient to account for
Plaintiff's limited ability to concentrate and to maintain
persistence and pace.  *See* Tr. 13.  *See also Berjettej v. Astrue*,
No. 09-CV-892-BR, 2010 WL 3056799 (D. Or. July 30, 2010)(citing
numerous judicial decisions in which courts conclude based on the
particular records at issue that an RFC limiting a claimant to
simple and routine work does not account for his limitations in

concentration, persistence, and pace).  The Court notes, however,
numerous other courts have concluded based on the particular
records at issue that a limitation to simple and routine work
accurately encompasses a claimant's limitations in his ability to
maintain concentration, persistence, and pace.  *See Stubbs-
Danielson v. Astrue*, 539 F.3d 1169, 1173-75 (9th Cir. 2008).  In
other words, there is not any categorical rule.  As the Ninth
Circuit held in *Stubbs-Danielson*:

> The ALJ translated Stubbs-Danielson's
> condition, including the pace and mental
> limitations, into the only concrete
> restrictions available to him-Dr. Eather's
> recommended restriction to "simple tasks."
> This does not, as Stubbs-Danielson contends,
> constitute a rejection of Dr. McCollum's
> opinion.  Dr. Eather's assessment is
> consistent with Dr. McCollum's 2005 MRFCA,
> which found Stubbs-Danielson is "not
> significantly limited" in her ability to
> "carry out very short simple instructions,"
> "maintain attention and concentration for
> extended periods," and "sustain an ordinary
> routine without special supervision."  As two
> of our sister circuits have recognized, an
> ALJ's assessment of a claimant adequately
> captures restrictions related to
> concentration, persistence, or pace where the
> assessment is consistent with restrictions
> identified in the medical testimony.  *See
> Howard v. Massanari*, 255 F.3d 577, 582 (8th
> Cir. 2001)(where state psychologist both
> identified claimant as having deficiencies of
> concentration, persistence or pace and
> pronounced claimant possessed the ability to
> "sustain sufficient concentration and
> attention to perform at least simple,
> repetitive, and routine cognitive activity
> without severe restriction of function,"
> ALJ's hypothetical including ability to
> perform "simple, routine, repetitive tasks"

adequately, captured claimant's deficiencies in concentration persistence or pace); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (where ALJ's hypothetical incorporated concrete restrictions identified by examining psychiatrist regarding quotas, complexity, and stress, ALJ did not err in failing to include that claimant suffered from deficiencies in concentration, persistence, or pace).

The Eighth Circuit's decision in *Howard* is directly on point.  There, the court explicitly rejected a claim that an ALJ's hypothetical describing an ability to do "simple, routine, repetitive work" failed to capture deficiencies in concentration, persistence, or pace.  The court noted the state psychologist's findings which concluded that the claimant, despite certain pace deficiencies, retained the ability to do simple, repetitive, routine tasks.  *See Howard*, 255 F.3d at 582.  The medical evidence by Dr. Eather in the present case reflects the same conclusion.

*Id.* at 1174.

As noted, the ALJ concluded Plaintiff has moderate limitations in his ability to maintain concentration, persistence, and pace.  The ALJ did not, however, expressly include those limitations in his evaluation of Plaintiff's RFC nor in his hypothetical to the VE, but instead the ALJ concluded Plaintiff "cannot perform detailed or complex duties and should work in a stable environment with a set routine."  Tr. 12-13. Under *Stubbs-Danielson* the question posed by Plaintiff's Objection is whether the ALJ's assessment of Plaintiff's RFC and

his hypothetical to the VE are supported by substantial evidence in the record.

In *Stubbs-Danielson* the Ninth Circuit found the ALJ's conclusion that the plaintiff was limited to simple and routine work was supported by the "state psychologist's findings which concluded that the claimant, despite certain pace deficiencies, retained the ability to do simple, repetitive, routine tasks." *Id*. Here Frank Lahman, Ph.D., a state-agency psychologist, similarly concluded Plaintiff is able to "understand and remember simple, moderately detailed instructions" despite his limitations and "can consistently maintain [concentration, persistence, and pace] for simple, multi-step tasks for normal work periods. A work environment that was stable with few changes would give [Plaintiff] his best chance of success." Tr. 372. Furthermore, as noted, Dr. Dickinson concluded in his comprehensive neuro-psychological assessment that Plaintiff "was able to focus his attention for considerable periods of time throughout extended testing and his stamina and persistence was maintained for several hours" despite some limitations due to post-concussional disorder and adjustment disorder, which Plaintiff appeared to exaggerate. Tr. 360, 365. Thus, the Court concludes on this record that the ALJ's assessment of Plaintiff's RFC and his hypothetical to the VE were supported by substantial evidence in the record and were appropriately limited to simple and routine

work.

Accordingly, the Court concludes Plaintiff's Objection is not a basis to modify or to reject the Magistrate Judge's Findings and Recommendation.

For those portions of the Findings and Recommendation to which the parties do not object, the Court is relieved of its obligation to review the record *de novo* as to that portion of the Findings and Recommendation. *Reyna-Tapia*, 328 F.3d at 1121. Having reviewed the legal principles *de novo*, the Court does not find any error.


**CONCLUSION**

For these reasons, the Court **ADOPTS** Magistrate Judge Jelderks's Findings and Recommendation (#32). Accordingly, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 20th day of August, 2012.


/S/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


11 - ORDER